UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

| | |
|---|---|
| MAKSIM ARDAHNIKOV,<br><br>　　　　Plaintiff,<br><br>v.<br><br>J.C. CHRISTENSEN & ASSOCIATES, INC.,<br><br>　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the invasions of Plaintiff's personal privacy by these Defendants in their efforts to collect a consumer debt.

## JURISDICTION

2. Jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and, for the pendent state law claims, pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside here and a substantial part of the events and omissions giving rise to the claims occurred here.

## TRIAL BY JURY

4. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PARTIES

5. Plaintiff, Maksim Ardashnikov is a natural person who resides in Hennepin County, Minnesota, and is a "consumer" as that term is defined by Section 1692a(3).[1]

6. Defendant J.C. Christensen and Associates, Inc., ("Defendant") is a domestic corporation engaged in the business collecting debts in this state from its principal place of business, which is located at 1543 200 14th Ave E Sartell, Minnesota 56377. It is a "debt collector" as that term is defined by Section 1692a(6) because it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

7. On or about June 27, 2012, Plaintiff contacted the defendant by telephone, seeking to compromise his hospital bill.

---

[1] References to sections of the FDCPA will exclude the title number for convenience.

8. A hospital bill is a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by Section 1692a(5)).

9. The original hospital bill was for $943.04.

10. Later, on or about July 16, 2012, he contacted the defendant again seeking to settle compromise his debt.

11. The defendant, through its employee, demanded full payment and threatened to "pull his credit report if" he did not take her settlement in full ("SIF") offer.

12. Pulling the plaintiff's credit could negatively impact the plaintiff's score and the defendant's employee did so without any lawful or business purpose and with the intent to harass, intimidate, or otherwise abuse the plaintiff.

13. During the July 16, 2012, telephone call the plaintiff and an employee of the defendant agreed to settle the outstanding debt for $699.78.

14. Plaintiff asked that the defendant to send him a written contract ("SIF" Letter) that reflected the oral contract they had formed during the July 16, 2012, telephone call.

15. Three days later, July 19, 2012, the plaintiff called the defendant again and asked for the SIF Letter.

16. On July 30, 2012, the defendant faxed and mailed the plaintiff a SIF letter that reflected the monetary terms of their agreement but imposed a *one-day* deadline for the plaintiff to make the payment.

17. The SIF letter that was mailed did not arrive until days *after* the *one-day* deadline of July 31, 2012.

18. The *one-day* deadline was never a part of the oral agreement between the parties on July 16, 2012.

19. The defendant has failed to honor the terms of the July 16, 2012, contract by making continued efforts of collecting the full dollar amount of the debt.

20. Plaintiff has suffered actual damages as a result of these illegal collection actions, including, but not limited to, emotional distress, fear, humiliation, frustration and anxiety.

21. Defendants' illegal actions invaded the Plaintiff's privacy.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated Section 1692e(2)(A) by stating that she owed a debt that he does not owe.

24. Defendant violated Section 1692f(1) by attempting to collect a debt from Plaintiff that was not legally owed by Plaintiff.

25. Defendant violated Section 1692e(5) by threatening action that legally cannot be taken or was not intended to be taken.

26. Defendant violated Section 1692e(2) and 1692f(1) by misrepresenting the amount of the debt that Plaintiff owes and attempting to collect this amount.

27. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to Section 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to Section 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to Section 1692k(a)(3) from each and every Defendant herein.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to** the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

30. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

31. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns and affairs.

32. The conduct of the Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

I. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for emotional distress and invasions of privacy in an amount to be determined at trial;

II. Statutory damages of $1,000.00 from the Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

-7-

III.    Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3);

IV.    Damages for invasion of privacy; and,

V.    For such other and further relief as the Court may deem just and proper.

Dated: February 28, 2013        S// A.L. Brown _____
A. L. Brown (# 331909)
**CAPITOL CITY LAW GROUP, LLC**
155 South Wabasha-Suite, 125
Saint Paul, MN 55107
Telephone: (651) 705-8580
Facsimile:  (651) 705-8581
E-Mail: A.L.Brown@cclawg.com

**ATTORNEYS FOR PLAINTIFF**